UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DANNY BOUCHEE,

    Plaintiff,

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, DANNY BOUCHEE ("BOUCHEE"), by and through his undersigned counsel, hereby sues UNITED OF OMAHA LIFE INSURANCE COMPANY ("UNITED OF OMAHA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. BOUCHEE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. BOUCHEE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. UNITED OF OMAHA is a corporation with its principal place of business in the State of Nebraska, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, UNITED OF OMAHA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BOUCHEE by UNITED OF OMAHA.

6. BOUCHEE was at all times material an employee of Union Tank Car Company.

7. BOUCHEE was at all times material a plan participant under the Union Tank Car Company long-term Disability Plan, Group Policy No. GLTD-24N1 (the "LTD Plan") which is established by Union Tank Car Company and pursuant to which BOUCHEE is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. UNITED OF OMAHA is the insurer of benefits under the LTD Plan and was appointed by Union Tank Car Company, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, UNITED OF OMAHA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, UNITED OF OMAHA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, BOUCHEE is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required

2

under the terms of the LTD Plan.

12. According to the LTD Plan,

Disability and Disabled means that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which you are:
- Prevented from performing at least one of the Material Duties of your Regular Occupation on a part-time or full-time basis; and
- Unable to generate Current Earning which exceed 80% of your Basic Monthly Earnings due to that same injury or sickness.

After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean you are unable to perform all of the Material Duties of any Gainful Occupation.

Disability is determined relative to your ability or inability to work. It is not determined by the availability of a suitable position with your employer.

Material Duties means the essential tasks, functions, and operations relating to an occupation that cannot be reasonably omitted or modified. In no event will we consider working an average of more than 40 hours per week in itself to be a part of material duties. One of the material duties of your regular occupation is the ability to work for an employer on a full-time basis.

Gainful occupation means an occupation, for which you are reasonably fitted by training, education or experience, is or can be expected to provide you with current earnings at least equal to 60% of basic monthly earnings within 12 months of your return to work.

13. Since approximately May 27, 2010, BOUCHEE has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, BOUCHEE made a claim to UNITED OF OMAHA under the LTD Plan for disability benefits which UNITED OF OMAHA initially approved and paid through April 15, 2015.

15. While on claim for LTD benefits, UNITED OF OMAHA, in a letter dated April 15, 2015, terminated BOUCHEE'S claim contending BOUCHEE was not disabled.

16. BOUCHEE properly appealed UNITED OF OMAHA'S adverse determination.

17. By letter dated January 14, 2016 UNITED OF OMAHA affirmed its adverse determination and advised BOUCHEE that its decision was final and not subject to

3

further review.

18. At all relevant times, BOUCHEE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, BOUCHEE has been unable to perform all of the material duties of any gainful occupation.

20. At all relevant times, BOUCHEE has been under the regular care of a physician.

21. At all relevant times, BOUCHEE was a Covered Person under the LTD Plan.

22. From April 16, 2015 to the present date, BOUCHEE has not received benefits owed to him under the LTD Plan, despite BOUCHEE'S right to these benefits.

23. UNITED OF OMAHA has refused to pay BOUCHEE'S LTD benefits since April 16, 2015

24. At all relevant times, UNITED OF OMAHA was the payor of benefits.

25. At all relevant times, UNITED OF OMAHA was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, UNITED OF OMAHA was appointed by Union Tank Car Company, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

27. At all relevant times, BOUCHEE has been and remains Disabled and entitled to LTD benefits from UNITED OF OMAHA under the terms of the LTD Plan.

28. BOUCHEE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

29. BOUCHEE incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), BOUCHEE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. BOUCHEE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of UNITED OF OMAHA'S failure to pay him disability benefits.

33. BOUCHEE has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

 (a) Failing to pay LTD benefit payments to BOUCHEE at a time when UNITED OF OMAHA knew, or should have known, that BOUCHEE was entitled to those benefits under the terms of the LTD Plan, as BOUCHEE was disabled and unable to work and therefore entitled to benefits.

 (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of BOUCHEE'S claim for LTD benefits;

 (c) After BOUCHEE'S claim was terminated in whole or in part, UNITED OF OMAHA failed to adequately describe to BOUCHEE any additional material or information necessary for BOUCHEE to perfect his claim along with an explanation of why such material is or was necessary.

 (d) UNITED OF OMAHA failed to properly and adequately investigate the merits of BOUCHEE'S disability claim and failed to provide a full and fair review of BOUCHEE'S claim.

35. BOUCHEE believes and thereon alleges that UNITED OF OMAHA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which BOUCHEE is presently unaware, but which may be discovered in this future litigation and which BOUCHEE will immediately make UNITED OF OMAHA aware of once said acts or omissions are discovered by BOUCHEE.

36. Following the termination of benefits under the LTD Plan, BOUCHEE exhausted all administrative remedies required under ERISA, and BOUCHEE has performed all duties and obligations on his part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of UNITED OF OMAHA, BOUCHEE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding BOUCHEE'S claim for benefits, BOUCHEE, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), BOUCHEE is entitled to have such fees and costs paid by UNITED OF OMAHA.

39. The wrongful conduct of UNITED OF OMAHA has created uncertainty where none should exist, therefore, BOUCHEE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, DANNY BOUCHEE prays for relief against UNITED OF OMAHA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that

benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 17, 2017

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

  /s/ *Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com